UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DANIEL L. POHLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-cv-00138-TWP-KMB |
| UNITED STATES SUPREME COURT, UNITED NATIONS, UN SECRETARY GENERAL ANTONIO GUTERRES, CHIEF JUSTICE JOHN G. ROBERTS, JR., | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTIONS TO DISMISS, DENYING MOTION FOR HEARING AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court a Motion to Dismiss filed by the Defendants (Dkt. 7) and the Plaintiff's Motion for a Hearing (Dkt. 9). *Pro se* Plaintiff Daniel L. Pohle ("Mr. Pohle") filed this action in Jennings Superior Court on July 20, 2023 under Cause Number 40D01-2307-MI-000041 (Dkt. 1-2). On August 17, 2023, Defendants United States Supreme Court and John G. Roberts, Jr., removed the case to this Court under the provisions of 28 U.S.C. § 1442(a) and 1446 (Dkt. 1). On September 15, 2023, Defendants United States Supreme Court and John G. Roberts, Jr. filed their Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction. (Dkt. 7). Mr. Pohle did not respond to the motion, instead, on September 27, 2023, he filed a Motion for Hearing on All Pending Motions. (Dkt. 9). This Order grants the motion to dismiss this action with prejudice and denies the request for a hearing.

**I. LEGAL STANDARD**

To survive a motion to dismiss:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Jurisdiction, by contrast, implicates the court's authority to entertain the case at all. A complaint that is frivolous or wholly insubstantial does not invoke the district court's subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *In re African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006). "A frivolous suit does not engage the jurisdiction of the federal courts." *McCurdy v. Sheriff of Madison County*, 128 F.3d 1144, 1145 (7th Cir. 1997).

## II. COMPLAINT

Mr. Pohle's Complaint, entitled "First Amendment Civil Complaint," is essentially incomprehensible. He seeks damages in the amount of "One Billion and One U.S. [] Dollars" ($1,000,000,001) (Dkt. 1-2 at 2) for alleged financial harm because of the Defendants' "'Deliberate Indifference' to the "1st Amendment of the United States Constitution in Supreme Court case Pohle v Pence No 22-876." (Dkt. 1-2 at 1.) The only substantive factual allegation is that the U.S. Supreme Court refused to hear his case. *Id.* The remainder of the Complaint asserts things such as, "Supreme Court Justices have served without law degrees"; "Chief Justice Roberts operates a Supreme Court that humors a Pro Se Petitioner in name only because the Pro Se Petitioner could never argue his case"; "The Secretary General of the United Nations needs to observe and share this case with many of the 200 nations who think the 1st Amendment exist in the United States of

America for non-lawyers"; "Chief Justice John Roberts['] 10 year experiment with the 1st Amendment has met a road block"; and "Chief Justice John Roberts['] attack on the 1st Amendment must come at a price." *Id.* at 1-2.

### III. DISCUSSION

Defendants' Motion to Dismiss sets forth Mr. Pohle's frivolous litigation history and characterizes this lawsuit as another attempt to collaterally attack a state court judgment entered against him in 2015. (Dkts. 9 and 16.) The Defendants make several contentions in support of dismissal, including noncompliance with Federal Rule of Civil Procedure 8, immunities enjoyed by the Defendants, and the doctrine of derivative jurisdiction. The Court need not wade into these arguments, however, because Mr. Pohle's Complaint does not contain enough detail to suggest a claim of any kind against any defendant. Other than the Supreme Court's alleged denial of his petition for certiorari (a matter entirely within its discretion), the Complaint is entirely devoid of facts, and Mr. Pohle's bare assertions that he was harmed do not rise to the level of suggesting that something has happened to him that might be redressed by the law.[1] *Swanson*, 614 F.3d at 403. The Complaint, therefore, fails to state a claim on which relief can be granted and must be dismissed in its entirety.

Ordinarily, the Court would give Mr. Pohle an opportunity to show cause why this action should not be dismissed or to amend his Complaint. *See Frey v. E.P.A.*, 270 F.3d 1129, 1132 (7th Cir. 2001). However, such an opportunity is not necessary where amendment would be "futile or otherwise unwarranted." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004). As discussed below, Plaintiff's litigation history demonstrates that he

---

[1] The Complaint, while perhaps incoherent, does not allege facts that are outlandish, nonsensical, or frivolous — it alleges almost no facts at all. Dismissal for failure to state a claim is therefore proper. Regardless of the reason for dismissal, the Court finds that remand would be futile. *See Pohle v. Pence*, No. 21-3351 (7th Cir. July 25, 2022).

3

has no interest in advancing legitimate claims, rather, his only objective is to generate insubstantial allegations. Amendment thus would be futile and leave to do so would be entirely unwarranted. Therefore, this dismissal shall be with prejudice.

### IV. **PLAINTIFF'S FRIVOLOUS LITIGATION**

As Defendants point out, Mr. Pohle has a long history of frivolous litigation. He brings his actions in state court, but his federal defendants often remove the cases to this Court. To date, there have been five such removals (including this one): *Pohle et al. v. Mitchell et al.*, 4:17-cv-00078-TWP-DML (dismissed March 21, 2018); *Pohle v. Roberts, et al.*, 4:19-cv-00264-SEB-DML (dismissed May 13, 2020); *Pohle v. Pence*, 4:20-cv-00139-SEB-DML (dismissed Feb. 22, 2021); *Pohle v. Biden, et al.*, 4:23-cv-00116-TWP-KMB (removed July 13, 2023). This Court has warned Mr. Pohle at least twice that frivolous filings in this Court may result in sanctions. *See Pohle v. Roberts, et al.*, 4:19-cv-00264-SEB-DML (Nov. 19, 2020); *Pohle v. Pence*, 4:20-cv-00139-SEB-DML (Dec. 8, 2021). And the Seventh Circuit has found his filings "nonsensical and frivolous." *See Pohle v. Pence*, No. 21-3351 (7th Cir. July 25, 2022). No sanction is issued today, but Mr. Pohle is again warned that Continuing this course of conduct may subject him to sanctions, including a restriction on his ability to file papers in this Court. Frivolous filing behavior cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases). *See also O'Quinn v. Gaetz*, No. 3:13-CV-1342-JPG-PMF, 2014 WL 6455993, at *1 (S.D. Ill. Sept. 24, 2014) ("When a litigant wastes judicial resources and burdens the Clerk's office with motions and pleadings that are often denied or dismissed, the Court has authority to impose appropriate restrictions on additional litigation.").

## V. CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. 7) and **DISMISSES** this case, in its entirety and as to all Defendants, **with prejudice**. Mr. Pohle's Motion for a Hearing On: All Pending Motions (Dkt. 9) is **DENIED as moot**.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 11/8/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daniel L. Pohle
1280 N CR 500 E
Butlerville, Indiana 47223

Gina M. shields
UNITED STATES ATTORNEY'S OFFICE
gina.shields@usdoj.gov